IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KJ, a Minor by and through his mother and next friend, LEATRICE; and LEATRICE, | |
| Plaintiff, | Case No. 15 C 8551 |
| v. | Judge Harry D. Leinenweber |
| COOK COUNTY SCHOOL DISTRICT 104, TROY WHALEN, and ILLINOIS STATE BOARD OF EDUCATION, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Defendants Cook County School District 104, Troy Whalen, and the Illinois State Board of Education ("ISBE") (collectively, the "District") move to reassign Case No. 15 C 10386 to this Court based on a finding of relatedness [ECF No. 38]. For the reasons stated herein, the Motion is denied without prejudice.

### I. BACKGROUND

The Court draws the following facts from the District's Motion and the June 2, 2015 and November 10, 2015 final Orders issued in two special education due process administrative proceedings. (*See,* June 2, 2015

Final Order, ECF No. 1, at 6; November 10, 2015 Final Order, No. 15-cv-10386, ECF No. 7-2.)

On September 28, 2015, Plaintiff Leatrice Gates ("Plaintiff") filed the instant lawsuit on behalf of her son (the "Student"), appealing the June 2, 2015 final order. Plaintiff filed her first Due Process Complaint Notice ("DPCN") on November 21, 2014. However, pursuant to a settlement agreement reached in a separate proceeding in the Northern District of Illinois, Plaintiff withdrew that DPCN. On February 16, 2015, the District filed its own DPCN, and on February 24, 2015, Plaintiff filed a new DPCN.

On June 2, 2015, the impartial hearing officer ("IHO") granted the District's Motion for Summary Judgment on its DPCN and the District's Motion to Dismiss Plaintiff's DPCN. The IHO granted summary judgment based on its finding that a Vision Itinerant Report, dated September 29, 2014, did not constitute an evaluation pursuant to the Individuals with Disabilities Education Act, and therefore Plaintiff's right to an independent educational evaluation ("IEE") was not triggered. The IHO also dismissed Plaintiff's DPCN based on its finding that the District did not violate a stay-put placement when it made changes to the Student's transportation arrangement. On appeal, Plaintiff seeks a finding that the settlement agreement reached in federal

court does not extend to ISBE Case No. 2015-0149, a finding that the District violated state and federal laws, and a finding "that the Student's stay-put provision is Elim Christian School ["Elim"] in the 8th grade." (Compl., ECF No. 1, at 5.)

On November 17, 2015, Plaintiff filed Case No. 10389 in this District, appealing a November 10, 2015 final order reached in a separate administrative proceeding. Plaintiff filed the underlying DPCN on June 2, 2015. The following day, the District and Elim issued an eighth grade diploma to the Student. Plaintiff then amended her DPCN to include a claim contesting the Student's promotion to ninth grade.

The due process hearing was bifurcated so that the promotion issue could be heard first. Plaintiff was issued several continuances and later filed several motions in this Court attempting to stay the administrative proceeding. Despite numerous additional objections lodged by Plaintiff, a hearing was finally convened on November 4, 2015. Plaintiff did not appear, and the IHO subsequently dismissed the case for want of prosecution. On appeal, Plaintiff seeks a finding that the District denied the student a free and appropriate public education and impeded Plaintiff's participation in the Student's Individualized Education Program ("IEP") by predetermining the Student's

grade level without an IEP meeting.  Among other things, Plaintiff also seeks a finding that the Student is to remain in eighth grade at Elim.  That case, captioned *KJ, a minor by and through his mother and next friend Leatrice; and Leatrice v. Cook County School District 104 et al.,* is now pending before District Judge John Robert Blakey.

## II.  <u>ANALYSIS</u>

A party seeking to reassign a case on the basis of relatedness must satisfy the requirements of both Local Rule 40.4(a) and 40.4(b).  *Williams v. Walsh Const.,* No. 05 C 6807, 2007 WL 178309, at *1 (N.D. Ill. Jan. 16, 2007). Local Rule 40.4(a) provides that "two or more civil cases may be related" if any one of the following conditions are met:  "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same."  Under Local Rule 40.4(c)(1), the moving party must "set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a)."

Here, the District broadly contends that "[a] review of both the final hearing officers['] decisions shows that

the issues raised overlap and the parties have a history of matters presented before [ISBE] and federal court." (District Mem., ECF No. 38, at 5.) The Court has reviewed both orders, and the cases appear to involve at least "some of the same" issues, such as whether the Student should remain in eighth grade at Elim. However, the District has failed to comply with the requirements of Local Rule 40.4(c)(1), which requires it to articulate the "points of commonality" between the two cases with specificity.

Local Rule 40.4(b) imposes "more stringent criteria for the case to qualify for reassignment." *Williams*, 2007 WL 178309, at *2. All four of the following conditions must be met:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b)(1)–(4). Under Local Rule 40.4(c)(2), the moving party must "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related."

The Court is satisfied that the first and third conditions are met. There is no question that both cases are pending in the Northern District of Illinois, and that the instant case is still in its early stages, such that a finding of relatedness would not likely delay the proceedings substantially. However, without identifying the specific issues of fact and law these cases share, the District has failed to show how reassignment will result in a "substantial saving" of judicial time and resources. The District suggests that the administrative record for both cases will likely "contain some of the same documents, such as the student's records from the same period, and there are similar issues and relief requested in the two lawsuits," (District Mem., ECF No. 38, at 5-6), but the Court finds this conclusory statement inadequate under Local Rule 40.4(c)(2).

In addition, the District does not explain how the fourth condition is satisfied. Indeed, the District notes that the Court will need to issue separate rulings on each of the final orders. For the Court to make an informed decision as to reassignment, the District must explain which "issues of both law and fact are the same in the related cases," and how those common issues are outcome determinative to both cases. *See, Lawrence E. Jaffe*

*Pension Plan v. Household Int'l, Inc.,* No. 02 C 5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003). Because the District has not adequately applied the relevant facts to each of Local Rule 40.4(b)'s requirements, the Court denies its Motion for Reassignment at this time. *See, Lawrence,* 2003 WL 21011757, at *3 (refusing to "lower the bar for pleading under LR 40.4(c), which requires a movant to explicitly articulate reasons that satisfy each of the four LR 40.4(b) conditions.").

## IV. CONCLUSION

For the reasons stated herein, the District's Motion for Reassignment based on a finding of relatedness [ECF No. 38] is denied without prejudice.

**IT IS SO ORDERED.**

                                    Harry D. Leinenweber, Judge
                                    United States District Court

Dated: January 19, 2016